## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| ATRIUM CORPORATE CAPITAL LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| SUAVE ENTERTAINMENT LLC, | ) | |
| GREATER GULF STATE FAIR, TARA | ) | |
| FROST, AND TYRONE MILES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Atrium Corporate Capital Ltd. ("Atrium"), by and through counsel, files this Complaint for Declaratory Judgment against Defendants Suave Entertainment, LLC ("Suave"), Greater Gulf State Fair ("GGSF"), Tara Frost, and Tyrone Miles (collectively, "Defendants"). In support thereof, Atrium alleges as follows:

## NATURE OF THE ACTION

1.

This insurance coverage declaratory judgment action arises out of Suave and GGSF's claims that Atrium owes them defense and indemnification in connection with the underlying actions styled: (1) *Tara Frost v. Greater Gulf State Fair d/b/a*

*The Grounds, et al.*, Circuit Court of Mobile County, Alabama, Case No. 02-cv-2023-900285 (the "Frost Lawsuit"); and (2) *Tyrone Miles v. Greater Gulf State Fair d.b.a The Grounds et al.*, Circuit Court of Mobile County, Alabama, Case No. 02-cv-2024-900691 (the "Miles Lawsuit") (collectively, the "Underlying Lawsuits" or the "Underlying Complaints"). A true and correct copy of the operative Frost Complaint is attached hereto as Exhibit **A.** A true and correct copy of the operative Miles Complaint is attached hereto as Exhibit **B.** Atrium joins Tara Frost and Tyrone Miles (collectively, the "Underlying Plaintiffs") as parties to this action because of their role as other parties in the Underlying Lawsuits, to ensure that it can obtain complete relief by resolving all issues between the parties.

2.

Atrium seeks a judicial declaration that it has no duty to defend or indemnify Suave, GGSF, nor any other defendant in the Underlying Lawsuits under the insurance policy Atrium issued to Suave.

**THE PARTIES**

3.

Atrium is an English limited company formed under the laws of England. It is a citizen and resident of the United Kingdom, with its principal place of business at Level 20 8 Bishopgate, London, United Kingdom.

4.

Defendant Suave Entertainment is a limited liability company formed and existing under the laws of the State of Alabama. None of Suave Entertainment's members are citizens or residents of England. Suave Entertainment may be served through its registered agent, Registered Agent Solutions Inc., at 2 North Jackson St., Suite 605, Montgomery, Alabama 36104.

5.

Defendant GGSF is a Domestic Non-Profit Corporation formed and existing under the laws of the State of Alabama with its principal place of business in Alabama. GGSF may be served at 1032 Cody Road North, Mobile, Alabama 36608.

6.

Upon information and belief, Defendant Tara Frost is a citizen and resident of Alabama and may be served at her residence at 605 East Gate Circle, Foley, Alabama, 36535.

7.

Upon information and belief, Defendant Tyrone Miles is a citizen and resident of Alabama and may be served at his residence at 312 Oak Drive, Mobile, Alabama, 36617.

## JURISDICTION AND VENUE

8.

This Court has personal jurisdiction over the Defendants because each Defendant is a citizen and resident of the State of Alabama.

9.

This Court has subject matter jurisdiction over each of the claims based on diversity grounds. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction as Atrium has complete diversity of citizenship from each and every one of the Defendants and the amount in controversy exceeds $75,000, exclusive of interest of costs.

10.

Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this litigation occurred in this District.

11.

This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atrium's obligations under a policy of insurance issued to Defendant Suave. Atrium is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including Suave and GGSF's rights to defense and indemnity from the

Underlying Lawsuits. An actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any, under the subject policy. Thus, Atrium is entitled to bring this declaratory judgment action in this Court.

## FACTUAL BACKGROUND

12.

Suave is a music promotion and management company located at 1961 Government Boulevard, Mobile, Alabama 36606.

13.

Suave organized a live music concert (the "Concert") at the Greater Gulf State Fairgrounds (the "Premises"). Suave had an agreement with GGSF to rent the Premises from 8:00 p.m. March 19, 2022, through 2:00 a.m. March 20, 2022 (the "Agreement").

14.

Under the Agreement, GGSF was required to provide the space for the Concert, provide twenty security officers, and assist in set up, clean up, and breakdown.

15.

On the evening of March 19, 2022, after a series of opening acts, rap artist Rich Homie Quan was opening for headline rap artist Yo Gotti.

16.

During Rich Homie Quan's performance, an altercation ensued between unidentified patrons of the Concert and a gunshot was fired inside the Premises (the "Incident").

17.

Tara Frost and Tyrone Miles were allegedly injured as a result of the shooting.

18.

Tara Frost ("Frost") was in the VIP section of the Premises and was allegedly struck in the back by this gunshot.

19.

Tyrone Miles ("Miles") allegedly sustained physical injuries during the ensuing commotion following the gunfire.

20.

On February 17, 2023, Frost filed the Frost Lawsuit against GGSF, Suave, Back the Guard, LLC ("BTG"), and Kentada Taylor for the injuries she allegedly sustained as a result of the Incident.

21.

On May 18, 2023, Frost filed the operative first amended complaint (the "Frost Complaint") against the same parties alleging that Ms. Frost was "critically injured when another patron that entered the event with a gun and shot Plaintiff Tara Frost, causing critical injuries and damages." (Ex. A, Frost Complaint, ¶ 7).

22.

Throughout the Frost Complaint, Frost repeatedly identifies the shooting at the basis for her injuries and defendants' purported liability. (Ex. A, Frost Complaint, ¶¶ 14, 17, 21, 23, 28, 32, 34, 43).

23.

In the Frost Complaint, Frost astutely refers to the Incident in which she was shot as a "criminal attack." (Ex. A, Frost Complaint, ¶ 10).

24.

In the Frost Lawsuit, Frost seeks punitive damages in addition to other compensatory damages. (Ex. A, Frost Complaint, pp. 9 and 14).

25.

On March 18, 2024, Miles filed the Miles Lawsuit against GGSF, Suave, and BTG for the injuries he allegedly sustained as a result of the Incident.

26.

In Miles' operative complaint (the "Miles Complaint"), Miles alleges he "was knocked down and injured during a crowd surge which was precipitated by gunfire in the crowd." (Ex. B, Miles Complaint, ¶¶ 8, 13).

27.

In the Miles Lawsuit, Miles seeks punitive damages in addition to other compensatory damages. (Ex. B, Miles Complaint, Second Cause of Action's WHEREFORE Paragraph).

## **THE POLICY**

28.

Atrium subscribed to the commercial general liability policy ATR/SE/216784 issued to Hurricane Promotions/Suave Entertainment for the policy period March 19, 2022, through March 20, 2022 (the "Policy"). A true and correct redacted copy of the Policy is attached hereto as Exhibit "**C**."

29.

The Policy provides certain commercial general liability coverage, subject to its terms, limits, conditions, and exclusions.

30.

The Policy identifies "The Grounds" as an additional insured.

31.

The Policy does not identify GGSF as an additional insured.

32.

The Policy has limits of $1,000,000 per occurrence and $1,000,000 aggregate.

33.

The Policy covers certain "bodily injury" caused by an "occurrence.'" (Ex. C, Policy, Form CG 00 01 07 98, p. 1 of 13).

34.

The insurance agreement for the Policy's Coverage A provides as follows:

[Atrium] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Ex. C, Policy, Form CG 00 01 07 98, p. 1 of 13).

35.

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. C, Policy, Form CG 00 01 07 98, p. 12 of 13).

36.

The Policy states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." (Ex. C, Policy, Form CG 00 01 07 98, p. 1 of 13).

37.

In describing who is an insured, the Policy states in relevant part:

1.    If you are designated in the Declarations as:

***

c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

***

2.    Each of the following is also an insured:

a.    Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

b.    Any person (other than your "employee"), or any organization while acting as your real estate manager.

(Ex. C, Policy, Form CG 00 01 07 98, p. 7 of 13).

38.

The Policy includes an Additional Insured – Managers or Lessors of Premises endorsement. This endorsement's schedule identifies the Designation of Premises as 1035 Cody Rd, Mobile, AL 36608. The endorsement's schedule identifies the Name of Person(s) or Organizations(s) (Additional Insured) as "The Grounds". The endorsement further provides in relevant part:

A.    Section II – Who Is An Insured is amended to include as an additional insured the Person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions . . . .

(Ex. C, Policy, Additional Insured – Managers or Lessors of Premises Endorsement).

39.

The Policy includes an Assault, Battery, and Negligent Hiring/Supervision Exclusion (the "A&B Exclusion") that provides:

**EXCLUSION – ASSAULT, BATTERY AND NEGLIGENT
HIRING/SUPERVISION**

The following exclusion is added to SECTION I – COVERAGES A, B and C:

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" and/or "medical payments:"

(1)     Arising out of an assault or battery, provoked or unprovoked, by anyone;

(2)     Arising out of any act or omission in connection with the prevention or suppression of an assault or battery by any insured or an employee or agent of any insured; and/or

(3)     Arising out of any allegations that any insured's acts, errors or omissions, whether negligent or otherwise, in connection with the hiring, retention, training, supervision or control of any employees, agents or representatives, caused, or contributed or related to, any assault or battery.

(Ex. C, Policy, Form ATR-139, p. 8 of 10).

40.

The Policy includes a Criminal Acts Exclusion, which provides:

The following exclusion is added to SECTION I – COVERAGES A, B AND C:

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" and/or "medical payments" arising out of criminal acts.

(Ex. C, Policy, Form ATR-139, p. 10 of 10).

41.

The Policy includes a Firearms, Fireworks and Other Pyrotechnic Devices Exclusion (the "Firearms Exclusion"), which provides in relevant part:

A.     This insurance does not apply to "Bodily Injury", "Property Damage", "Personal and Advertising Injury" or "Medical Payments" including but not limited to damages for loss of use and loss of services or support:

      (i)      Arising from the ownership, maintenance, operation, sponsorship, set-up, take-down or use of:

               a.      Firearms, including but not limited to handguns, revolvers, pistols, rifles, shotguns, air guns, semi-automatic weapons or similar devices;

* * *

by any Insured or by any person for which any Insured may be held liable in any capacity.

(Ex. C, Policy, Form ATR-134).

42.

The Policy includes an Other Activities/Exposures exclusion that, in relevant part, precludes coverage for: "'bodily injury,' 'property damage,' 'personal and advertising injury,' and/or 'medical payments' arising out of . . . Heavy Rock, Hip Hop or Rap Music." (Ex. C, Policy, Form ATR-159).

43.

The Policy provides that "[t]his insurance does not apply to any claim or 'suit' for punitive or exemplary damages, fines or penalties of any kind whatsoever." (Ex. C, Policy, Form ATR-139, p. 5 of 10).

## COUNT I – DECLARATORY JUDGMENT: GGSF IS NOT AN INSURED UNDER THE POLICY

44.

Atrium repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

45.

The Policy provides coverage only to those identified as Named Insureds or who otherwise fall within the meaning of "insured" as defined by the Policy.

46.

GGSF is not a Named Insured on the Policy.

47.

GGSF is not a member or manager of Suave, the Named Insured on the Policy.

48.

GGSF is not Suave's real estate manager for the Premises.

49.

The Policy does not list GGSF as an additional insured. Instead of GGSF, the Policy lists The Grounds as an additional insured.

50.

GGSF is not the same as The Grounds.

51.

GGSF does not qualify as an insured under the Policy.

52.

As GGSF is not an insured under the Policy, it is not entitled to coverage under the Policy for the Underlying Lawsuits or otherwise.

53.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage to GGSF in connection with the Underlying Lawsuits, and that Atrium has no duty or obligation to defend or indemnify GGSF in connection with the Underlying Lawsuits.

## COUNT II – DECLARATORY JUDGMENT: THE UNDERLYING LAWSUIT DOES NOT ALLEGE AN OCCURRENCE

54.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

55.

Subject to its terms, conditions, limitations, and exclusions, the Policy covers "'Bodily injury' . . . caused by an 'occurrence.'" (Ex. C, Policy, Form CG 00 01 07 98, p. 1 of 13).

56.

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. C, Policy, Form CG 00 01 07 98, p. 12 of 13).

57.

The Underlying Lawsuits arise from and are based on a shooting after an altercation. This shooting was an intentional act, and not an accident. As such, these acts do not constitute an accident, and therefore, there was no occurrence triggering coverage under the Policy.

58.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage to Suave or GGSF in connection with the Underlying Lawsuits, and that Atrium has no duty to defend or indemnify Suave or GGSF.

**COUNT III – DECLARATORY JUDGMENT:**
**THE POLICY'S A&B EXCLUSION BARS COVERAGE IN CONNECTION**
**WITH THE UNDERLYING LAWSUITS**

59.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

60.

The Underlying Lawsuits and all of the causes of action asserted therein are based on the Incident involving a shooting during the Concert.

61.

The Frost Complaint expressly alleges Ms. Frost was "critically injured when another patron that entered the event with a gun and shot Plaintiff Tara Frost, causing critical injuries and damages." (Ex. A, Frost Complaint, ¶ 7).

62.

The Miles Complaint expressly alleges Mr. Miles was "was knocked down and injured during a crowd surge which was precipitated by gunfire in the crowd." (Ex. B, Miles Complaint, ¶ 8).

63.

All of the causes of action asserted against Suave and GGSF in the Underlying Lawsuits arise out of the shooting at the Premises during the Concert and, therefore fall within the Policy's A&B Exclusion.

64.

Even if this matter involved an occurrence, which it does not, this matter would be barred from coverage pursuant to the Policy's A&B Exclusion.

65.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage to Suave or GGSF in connection with the Underlying Lawsuits, as the claims against them are precluded by the Policy's A&B Exclusion. Atrium is also entitled to a declaration that it has no duty to defend or indemnify Suave or GGSF in connection with the Underlying Lawsuits.

## COUNT IV – DECLARATORY JUDGMENT: THE POLICY'S CRIMINAL ACTS EXCLUSION PRECLUDES COVERAGE

66.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

67.

The Policy excludes coverage for "bodily injury," "property damage," … and/or "medical payments" arising out of any criminal acts. (Ex. C, Policy, Form ATR-139, p. 10 of 10).

68.

All of the causes of action asserted against Suave and GGSF in the Underlying Lawsuits arise out of the shooting, which involved the criminal act of discharging a firearm in the middle of a crowd.

69.

Even if this matter involved an occurrence, which it does not, this matter would be barred from coverage pursuant to the Policy's Criminal Acts Exclusion.

70.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage to Suave or GGSF in connection with the Underlying Lawsuits, as the claims against them are precluded by the Policy's Criminal Acts Exclusion. Atrium is also entitled to a declaration that it has no duty to defend or indemnify Suave or GGSF in connection with the Underlying Lawsuits.

## COUNT V – DECLARATORY JUDGMENT: THE POLICY'S FIREARM EXCLUSION PRECLUDES COVERAGE

71.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

72.

All of the causes of action asserted against Suave and GGSF in the Underlying Lawsuits arise out of the shooting, which involved the use of a firearm.

73.

In the Underlying Lawsuits, the Underlying Plaintiffs are seeking to hold
Suave and GGSF liable for injuries allegedly arising from the shooting by another
person.

74.

Even if this matter involved an occurrence, which it does not, this matter
would be barred from coverage pursuant to the Policy's Firearm Exclusion.

75.

Accordingly, Atrium is entitled to a declaration that the Policy does not
provide coverage to Suave or GGSF in connection with the Underlying Lawsuits, as
the claims against them are precluded by the Policy's Firearm Exclusion. Atrium is
also entitled to a declaration that it has no duty to defend or indemnify Suave or
GGSF in connection with the Underlying Lawsuits.

## COUNT VI – DECLARATORY JUDGMENT:
## THE POLICY'S OTHER ACTIVITIES EXCLUSION LIMITS COVERAGE

76.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set
forth herein.

77.

All of the causes of action asserted against Suave and GGSF in the Underlying Lawsuits occurred during a rap concert, with performances by rappers Yo Gotti and Rich Homie Quan.

78.

In the Underlying Lawsuits, the Underlying Plaintiffs are seeking to hold Suave and GGSF liable for injuries allegedly arising from a shooting during the rap Concert.

79.

Even if this matter involved an occurrence, which it does not, this matter would be barred from coverage pursuant to the Other Activities/Exposures Exclusion.

80.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage to Suave or GGSF in connection with the Underlying Lawsuits, as the claims against them are precluded by the Policy's Other Activities/Exposures Exclusion. Atrium is also entitled to a declaration that it has no duty to defend or indemnify Suave or GGSF in connection with the Underlying Lawsuits.

## COUNT VII – DECLARATORY JUDGMENT:
## THE POLICY'S PUNITIVE DAMAGES EXCLUSION LIMITS
## COVERAGE

### 81.

Atrium repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

### 82.

The Policy provides that "[t]his insurance does not apply to any claim or 'suit' for punitive or exemplary damages, fines or penalties of any kind whatsoever." (Ex. C, Policy, Form ATR-139).

### 83.

In the Underlying Lawsuits, the Underlying Plaintiffs seek punitive damages against Suave and GGSF.

### 84.

Any punitive damages sought by the Underlying Plaintiffs would be barred by the Policy's Punitive Damages Exclusion.

### 85.

Accordingly, Atrium is entitled to a declaration that the Policy does not provide coverage for punitive damages to Suave or GGSF in connection with the

Underlying Lawsuits, as the punitive damages claims against them are precluded by the Policy's Punitive Damages Exclusion.

**WHEREFORE,** Atrium prays for a judgment and Order:

(1) Declaring that GGSF is not an insured under the Policy and, therefore, is not entitled to defense or indemnification from the Underlying Lawsuits;

(2) Declaring that the Underlying Lawsuits do not allege an occurrence, and as such, there is no coverage under the Policy;

(3) Declaring that the Policy's A&B Exclusion bars coverage in connection with the Underlying Lawsuits, and therefore, Atrium does not owe Suave or GGSF a defense or indemnity from the Underlying Lawsuits;

(4) Declaring that the Policy's Firearm Exclusion bars coverage in connection with the Underlying Lawsuits, and therefore, Atrium does not owe Suave or GGSF a defense or indemnity from the Underlying Lawsuits;

(5)    Declaring that the Policy's Criminal Acts Exclusion bars coverage in connection with the Underlying Lawsuits, and therefore, Atrium does not owe Suave or GGSF a defense or indemnity from the Underlying Lawsuits;

(6)    Declaring that the Policy bars coverage for any punitive damages awarded against Suave or GGSF in connection with the Underlying Lawsuits;

(7)    Declaring that the Policy's Other Activities/Exposure Exclusion with respect to rap music bars coverage in connection with the Underlying Lawsuits, and therefore, Atrium does not owe Suave or GGSF a defense or indemnity from the Underlying Lawsuits;

(8)    Declaring that Atrium has no duty to defend or indemnify Suave or GGSF for the Underlying Lawsuits;

(9)    Awarding Atrium its costs and expenses; and

(10) Awarding Atrium such other and further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of September, 2024.

[*signature on following page*]

**FIELDS HOWELL LLP**
665 8th Street N.W.                          /s/ Stephen A. Kahn
Atlanta, Georgia 30318                       Stephen A. Kahn (KAH009)
404.214.1250 (Telephone)
404.214.1251 (Facsimile
skahn@fieldshowell.com